**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ROBERT ALAN KEMP,                )
                                 )
              Plaintiffs,         )
                                 )        No. CIV 07-428-TUC-CKJ
vs.                              )
                                 )        **ORDER**
DMI - AVIATION, INC., et al.,     )
                                 )
              Defendants.         )
_____)

        Pending before the Court is Plaintiff's Motion for Additional Extension of Time to Complete Service of Process [Doc. # 10].

*Procedural Background*

        Plaintiff Robert Alan Kemp ("Kemp") filed the Complaint in this matter on August 24, 2007.

        On December 27, 2007, Kemp requested additional time to file an amended complaint and to serve process.  In making the request, Kemp asserted that additional time was needed to complete an amended complaint.  Noting that Kemp had failed to set forth any reason why an amended complaint and service had not been completed, the Court granted Kemp's request, ordered that the time for completing service was extended until February 29, 2008, and advised Kemp that any additional request for further time must set forth good cause why an amended complaint and service could not be completed within the time set by the Court.

1    On March 6, 2008, Kemp filed a Motion for Extension of Time to Amend and Serve

2    in which he requested approximately three and a half months' additional time to complete

3    service.  Again, Kemp asserted that additional time was needed to complete an amended

4    complaint.  Kemp also asserted that additional grounds for his Amended Complaint were

5    discovered only on the morning of the filing of his request for additional time.  However, in

6    making the request, Kemp did not state any reason why an amended complaint and service

7    has not been completed during the original 120 days or during the additional 60 days granted

8    by the Court.  On March 13, 2008, the Court found that Kemp had not set forth good cause

9    to extend the time to complete service.  Nonetheless, the Court, within its discretion, found

10   it appropriate to grant Kemp additional time to complete service.  Additionally, the Court

11   advised Kemp that any further requests for extensions that failed to set forth good cause

12   and/or failed to show that Kemp had diligently attempted to complete service would not be

13   looked upon with favor.  The Court ordered that the time for serving the Summons and

14   Complaint (or, if appropriate, the Amended Complaint) upon the non-served Defendants was

15   extended until June 2, 2008.

16   On June 2, 2008, Kemp filed an Amended Complaint.  On June 6, 2008, Kemp filed

17   a Motion for Additional Time to Complete Service of Process [Doc. # 10].

18

19   *Service of Process*

20   Fed.R.Civ.P. 4(m) provides, in relevant part:

21   If service of the summons and complaint is not made upon a defendant within 120
     days after the filing of the complaint, the court, upon motion or on its own initiative
22   after notice to the plaintiff, shall dismiss the action without prejudice as to that
     defendant or direct that service be effected within a specified time; provided that if
23   the plaintiff shows good cause for the failure, the court shall extend the time for
     service for an appropriate period.
24
25   In requesting additional time, Kemp asserts that he is now completing arrangements to revise

26   and file a Second Amended Complaint by June 13, 2008, so additional defendants can be

27   added.  The Court notes that, as of this date, Kemp has not filed a Second Amended

28   Complaint.  Kemp asserts that he has been diligent in his efforts despite efforts by

- 2 -

1  Defendants as set forth in Kemp's exhibits.  However, a review of those documents do not
2  indicate any actions that any Defendant may have taken that would have affected Kemp's
3  ability to complete service within 293 days, the time allotted by Fed.R.Civ.P. 4 and the
4  extensions previously granted by the Court.  Kemp's motion seems to indicate that, on June
5  2, 2008, the date on which service was to have been completed, he initiated arrangements for
6  service of process of the Amended Complaint.

7          The Court notes that, again, Kemp did not make his request prior to the expiration of
8  the court imposed deadline for service.  Where a request for additional time is made after the
9  expiration of a specified deadline, the Court may grant an extension where the failure to act
10 is the result of excusable neglect.  Rule 6(b), Fed.R.Civ.P.  Kemp conclusorily states that he
11 has made diligent efforts to complete service.  However, Kemp sets forth no basis to support
12 this allegation.  Indeed, Kemp's motion itself implies that Kemp did not contact anyone
13 regarding service until the date of the deadline.  The Court finds Kemp has failed to show
14 good cause, Fed.R.Civ.P. 4(m), or excusable neglect, Fed.R.Civ.P. 6(b), to grant additional
15 time to complete service.

16         However, the Court may still extend service without a showing a good cause.  The
17 Court must consider factors "'like a statute of limitations bar, prejudice to the defendant,
18 actual notice of a lawsuit, and eventual service.'"  *Efaw v. Williams*, 473 F.3d 1038, 1041
19 (9th Cir. 2007), *quoting Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998).
20 As stated in the March 13, 2008, Order, it appears that Kemp's filing of the original
21 Complaint does not fall within the statute of limitations.  That Order also acknowledged,
22 however, that Kemp may have some basis for a claim of tolling the statute of limitations.
23 Where, as here, the filing of the original complaint does not appear to have been filed within
24 the statute of limitations, the Court does not give significant weight to a potential statute of
25 limitations bar.  In effect, the Court considers that Kemp would have to show some basis to
26 toll the statute of limitations with or without a dismissal; dismissal would simply increase the
27 time Kemp would have to show is subject to tolling.

28         Moreover, Kemp's discussion of initiating arrangements for service does not seem

credible because Kemp has indicated that he is preparing a Second Amended Complaint.
Indeed, Kemp has failed to file the Second Amended Complaint on or before June 13, 2008,
as his motion indicates.  Kemp has not set forth any basis for this Court to conclude that his
ongoing attempts to set  forth his claims are near completion.  Kemp has taken this Court's
deadlines lightly (e.g., failure to file requests before deadline, filing of Amended Complaint
on date of service deadline).  Further, Kemp appears to still be determining appropriate
parties, and indicates further work is needed to ascertain the identities of appropriate parties.
Kemp has not set forth any basis for the Court to conclude that service will eventually be
completed in any sort of timely manner.  Indeed, Kemp has had more than twice the time set
forth in Fed.R.Civ.P. 4 to complete service and he has not even attempted service on any
Defendant.

Moreover, a presumption of prejudice to Defendants arises from a failure to prosecute.
*Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998).  Kemp has failed to
present any basis to rebut this presumption.  Additionally, Kemp has not alleged that any
Defendant has notice of the lawsuit and/or has been evading service.  Lastly, the Court
considers that the United States Supreme Court has held that the liberal reading granted to
*pro se*  pleadings does not extend to excusing the failure of *pro se* litigants to comply with
clear procedural requirements.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Rather,
"[p]ro se litigants must follow the same rules of procedure that govern other litigants[.]"
*King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Townsel v. County of Contra
Costa, California*, 820 F.2d 319, 320 (9th Cir. 1987) (ignorance of Fed.R.Civ.P. 4 does not
constitute good cause for untimely service).

The Court, in its discretion, finds it appropriate to deny Kemp's request for additional
time to complete service.

Accordingly, IT IS ORDERED Kemp's Motion for Additional Extension of Time to
Complete Service of Process [Doc. # 10] is DENIED.

IT IS FURTHER ORDERED Cause Number CV 07-428 is DISMISSED WITHOUT

PREJUDICE.  The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 18th day of June, 2008.

_____
Cindy K. Jorgenson
United States District Judge